**Harold Noel ARROWSMITH, Jr.,**

v.

**UNITED PRESS INTERNATIONAL.**

**Civ. No. 3328.**

United States District Court
D. Vermont.

April 26, 1962.

Reuben A. Garland, Atlanta, Ga., and Leary & Leddy, Burlington, Vt., for plaintiff.

Gannett, Oakes & Weber, Brattleboro, Vt., for defendant.

GIBSON, District Judge.

Plaintiff, a resident of Maryland, brought a complaint against Defendant, United Press International. Plaintiff does not allege under the laws of what state Defendant was incorporated but does allege that it maintains an office and does business in Vermont. Plaintiff further alleges that a diversity of citizenship exists.

Defendant has moved for dismissal of the action on the grounds that Plaintiff's complaint fails to state a claim upon which relief can be granted, lack of jurisdiction because of insufficiency of service of process and improper venue.

Without passing on the merits of the jurisdictional and venue questions, I find that the complaint does not state a claim upon which relief can be granted.

The first three paragraphs of the complaint set forth the parties, diversity of citizenship and jurisdictional amount. Paragraph four describes the business of the defendant as that of a news-gathering and news-disseminating agency. Paragraph five describes an occurrence in which the Jewish Temple in Atlanta, Georgia, was bombed. Paragraph six alleges that the defendant transmitted defamatory matter on October 17, 1958. Paragraph seven alleges that the defamatory matter was published by various news media, and that it made the plaintiff the object of public hatred and scorn. This allegation refers to a copy of the alleged libelous matter. This copy is attached to the complaint as an exhibit. It reads as follows:

"Atlanta—(UPI)—Five persons were indicted today in connection with the dynamiting of the Jewish Temple here.

"The grand jury handed down indictments against the quintet that could possibly send them to the electric chair on charges of dynamiting of the house of worship on famed Peachtree Street last Sunday.

"An Atlanta detective working on the case disclosed meanwhile that the identity is known of a so-called 'fat cat' financier of such terrorist activity as the temple bombing.

"Most investigators believe the bombing was part of an interstate, or possibly international, conspiracy.

"Detective Capt. R. E. Little, Jr., said he 'definitely' knows the identity of a person referred to in a confiscated letter as the 'fat cat' financier who, the writer said, 'is putting his $$$ where his mouth is, God bless him.' The Arlington, Va., Sun said he is a resident of Baltimore.

"Police released the text of a letter that spoke of the 'fat cat' financier.

"The Associated Press said an Arlington printer (George Lincoln Rockwell) who turns out anti-Jewish literature acknowledged today he wrote a letter which has figured in the bombing of a Jewish Temple in Atlanta.

"Rockwell said the letter was written last July to Wallace H. Allen in Atlanta.

"FBI agents interviewed Rockwell but the FBI declined to disclose the outcome.

"It was learned in Washington that the FBI Thursday questioned Rockwell and Harold Noel Arrowsmith, Jr., described as a member of a wealthy Baltimore family.

"Authorities today sought a mystery figure thought to be the mastermind of dynamitings in the South.

"Further evidence of the 'fat cat's' role was reported by police in a letter containing this line: 'The big blast is all set for either next Sunday or Saturday * * * we will know tomorrow and will keep you informed.'"

Paragraph eight of the complaint alleges that this news article is not the only publication of the alleged libelous matter caused to be published by the defendant's transmission. Paragraph nine then alleges that the plaintiff is described as the "fat cat financier" who is behind the terrorist activities described in the article, and that he was maliciously identified by name. Paragraphs ten through thirteen of the complaint then allege the good name and reputation of the defendant, that he has been identified as the "fat cat financier", that as a result his good name has been injured and disgraced, and that he has suffered general damages of $10,000 for each news release of the 5624 news outlets of the Defendant. This would total $56,240,-000. No special damages are alleged in the complaint.

As heretofore stated, I find that the complaint does not set forth a cause of action. Certainly the publica-

**58**

tion complained of is not libelous *per se.* Words are defamatory *per se* when, on their face, without other explanation or extrinsic proof, they are plainly injurious. Landstrom v. Thorpe, 189 F.2d 46, 26 A.L.R.2d 1170 (C.C.A.8th Cir., 1951), cert. den. 342 U.S. 819, 72 S.Ct. 37, 96 L.Ed. 620 (1951); Venn v. Tennessean Newspapers, Inc., 201 F.Supp. 47 (D.C.Tenn., 1962); see also 53 C.J.S. Libel and Slander § 8; 33 Am.Jur. Libel and Slander, Sec. 5. In order to state a claim upon which relief can be granted in connection with an alleged libel, special damages must be pleaded when the words are not defamatory *per se.* 1A Barron & Holtzoff, Federal Practice and Procedure, Sec. 267; 53 C.J.S. Libel and Slander § 170 at p. 269, § 240 at p. 364. See also Venn v. Tennessean Newspapers, Inc. supra, where this matter is examined in light of Tennessee law. The Vermont Supreme Court has not squarely held on this last stated rule, that where the defamation is not actionable *per se,* special damages must be pleaded and proved. It has impliedly ruled on that proposition, however, in Lancour v. Herald and Globe Ass'n, 112 Vt. 471, 475, 28 A.2d 396 (1942), where it held the corollary of the rule to be true; that is, where there is defamation per se, general damages are recoverable without proof of injury.

■■ The law in Vermont is that the meaning of an alleged libel is to be taken from the whole publication, as it would be understood by people reading it, according to the sense in which it appears to have been used and the ideas intended to be conveyed. Longey v. Slator, 118 Vt. 251, 108 A.2d 396 (1954). When the alleged libelous article is read with this rule in mind, it cannot be said to be defamatory *per se.* Therefore, alleging only general damages in connection with words which are not libel *per se,* the plaintiff has failed to set forth a cause of action.

Whether or not the alleged libelous article here set forth might be libel *per quod* under some circumstances is not before this Court for its consideration.

Since there is no allegation of special damage being caused the Plaintiff by the publication of this allegedly libelous article, the complaint is hereby dismissed.